NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

June 16, 2021

Anthony Brinson
Register #71879-050
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640
*Pro Se Defendant*

Elaine K. Lou, Esq.
Assistant United States Attorney
United States Attorney District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:     *United States v. Anthony Brinson*
              **Criminal Action No. 19-153 (SDW)**

Litigants:

    Before this Court is *pro se* Defendant Anthony Brinson's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i).[1] (D.E. 189.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

## DISCUSSION

A.

    Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant

---

[1] Defendant improperly refers to his motion as a "Motion for Reconsideration." (*See* D.E. 189.)

compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). As such, under the FSA, "a defendant seeking a reduction in [their] term of imprisonment bears the burden of establishing both that [they have] satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[2] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On February 27, 2019, Defendant pled guilty to conspiring to distribute and possessing with intent to distribute 100 grams or more of heroin and was subsequently sentenced to 120 months imprisonment to be followed by four years of supervised release. (D.E. 180, 181, 187.) Defendant is currently serving his sentence at Federal Correction Institution Fort Dix ("FCI Fort Dix") in New Jersey with an estimated release date of February 20, 2028. *See* https://www.bop.gov/inmateloc/ (last visited June 15, 2021).

On May 13, 2021, Defendant appeared *pro se* and moved this Court for compassionate release under the FSA due to his "serious concerns" about his living conditions at FCI Fort Dix in light of the COVID-19 pandemic.[3] (D.E. 189.) The Government opposed on June 15, 2021. (D.E. 190.)

---

[2] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

[3] Defendant specifically requests that he be transferred to home confinement. (D.E. 189 at 5.) However, this Court does not have the authority to order such relief; instead it has the authority only to issue a recommendation to the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3621(b)(4) (stating that the BOP may consider "any statement" by the

C.

In order to move for compassionate release in this Court, Defendant is first required to exhaust his administrative remedies with the Board of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A). However, Defendant has not provided this Court with any evidence that he first sought release from the BOP, and the BOP has no record of receiving such a request. (*See* D.E. 190 at 3.) Therefore, Defendant's motion will be dismissed.

Even if Defendant had exhausted his administrative remedies, his motion would be dismissed on the merits. Defendant's sole ground for seeking release is his "concern" over his living conditions at FCI Fort Dix. This is not enough. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (stating that "the possibility that [COVID-19] may spread to a particular prison alone cannot independently justify compassionate release"). Additionally, because Defendant was offered and refused the COVID-19 vaccine, (*see* D.E. 190 Ex. A at 68, 98), he cannot establish that "compelling and extraordinary reasons" justify his release. *See Epstein*, 2020 WL 1808616, at *2. Defendant's refusal to engage in basic self-care undercuts his argument that compassionate release is required to protect his health and well-being. *See, e.g.*, *United States v. Bobby Lanell Hargrove*, 2021 WL 2210844, at *4 (W.D.N.C. June 1, 2021) (finding that defendant's obesity did not qualify as an extraordinary and compelling reason for release "because [d]efendant has refused to be vaccinated"); *United States v. Lamont Fitzpatrick*, 2021 WL 2201683, at *1-2 (D.N.J. May 28, 2021) (holding that defendant failed to meet his burden to show extraordinary and compelling circumstances necessitating his release where he refused to be vaccinated); *United States of Am. v. Sterline Reneva Rivers*, 2021 WL 1946644, at *4-5 (M.D. Tenn. May 14, 2021) (same) (collecting cases); *United States v. Baeza-Vargas*, 2021 WL 1250349, at *2-3 (D. Ariz. Apr. 5, 2021) (noting that courts have consistently ruled "that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances") (citing cases). "To be clear, the Court does not purport to lecture Defendant that he should or should not take the vaccine; this is a personal choice for Defendant to make as he sees fit. What the Court is saying, rather, is that when a movant insists that his health and well-being require that he be (compassionately) released from incarceration to counter the risk of COVID-19, such insistence rings hollow when the movant is unwilling to counter that risk by resorting to something far more ordinary – taking the vaccine – than the extraordinary remedy of compassionate release he seeks." *Rivers*, 2021 WL 1946644. at *5.[4]

---

sentencing court "recommending a type of penal or correctional facility"); *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (noting that "district courts [have] the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time").

[4] FCI Fort Dix is in the process of vaccinating its staff and inmate population and currently has fully vaccinated 253 staff members and 1576 inmates. *See* https://www.bop.gov/coronavirus/ (last visited June 15, 2021). There is currently one active staff case of COVID-19 at the facility and no active cases among the inmates. *Id.* Having reviewed the safety protocols and procedures instituted by the Bureau of Prisons, *see* Bureau of Prisons, (last visited June 15, 2021), https://www.bop.gov/coronavirus/, this Court finds that Defendant's risk of serious illness or death is not substantially higher simply because he is in custody.

Finally, even if this Court were to find that Defendant had set forth facts that constituted an extraordinary and compelling reason for release, it would still deny his motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his early release. If released now, Defendant will have served only one-fifth of his sentence. Defendant pled guilty to conspiring to distribute and possessing with intent to distribute 100 grams or more of heroin. Early release would not prevent sentencing disparities, "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," or deter Defendant or others from similar conduct. *See* 18 U.S.C. §§ 3553(a)(2)(A); *see also* D.E. 188 at 9-12 (discussing sentencing factors). As a result, this Court cannot grant Defendant the relief he seeks.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**. Should a change in circumstances so require, Defendant may renew his motion. An appropriate order follows.

           /s/ Susan D. Wigenton  
        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk  
cc:      Parties